# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT JAGER, d/b/a Robert Jager Equipment Co., | Civ. No. 14-8130 (KM) (MAH) |
| Plaintiff, | OPINION |
| v. | |
| FLEET MANAGEMENT ROAD SERVICE, GERALD VACCA and J&M TOWING, | |
| Defendants. | |

This matter comes before the Court on a motion to dismiss the complaint. Because the complaint is facially deficient, the motion will be granted, without prejudice to the submission of a proposed amended complaint within 30 days.

The operative allegations of the complaint filed by the plaintiff, Robert Jager, read in their entirety as follows:

> The Plaintiff by way of Complaint says that the above named Defendants conspired to deprive me of my 1987 Mack Superliner Mack tractor truck valued at $20,000.00.
>
> The jurisdiction of this Court is involved pursuant to 28 USC 1332 and 18 USC 371; 1962, 6d. This Complaint encompasses acts of conspiratorial activity engaged in by the Defendants.
>
> Wherefore, Plaintiff demands money damages in the amount of $20,000.00 plus punitive damages and such other and further relief as this Honorable Court deems equitable, appropriate and just.

(Cplt., ECF no. 1)

Defendant J&M Towing has filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) (lack of diversity jurisdiction) and 12(b)(6) (failure to state a claim).

## I. APPLICABLE STANDARDS

### A. Rule 12(b)(1)

A Rule 12(b)(1) challenge to the court's subject matter jurisdiction may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A factual attack may involve the submission of evidence extrinsic to the pleading. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; case citations in footnotes inserted in text)

Although both sides have attempted to submit extrinsic factual materials, these do not relate to the question of subject matter jurisdiction. The Rule 12(b)(1) motion will therefore be treated as a facial attack.

2

## B. Rule 12(b)(6)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court case of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where a plaintiff is proceeding *pro se*, his complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient

3

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II. DISCUSSION

The first facial defect of the complaint is its failure to plead any facts from which this court's subject matter jurisdiction could be inferred. The second is its failure to allege facts that would support a viable cause of action.

### A. Federal question jurisdiction/RICO

One jurisdictional possibility is federal-question jurisdiction under 28 U.S.C. § 1331 (""The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The complaint does cite federal statutes, 18 U.S.C. §§ 371 and 1962 (the RICO statute). The allegations are so insubstantial, however, that they fail to establish jurisdiction. Rather than quibble over whether the allegations reach the jurisdictional threshold, however, I will simply merge this analysis with the Rule 12(b)(6) analysis of whether a claim has been stated. Clearly it has not.

Sections 371 (conspiracy) and 1962 (RICO) are criminal statutes. They do not contain a civil cause of action for damages.

I would read the complaint liberally, however; it may intend to assert a civil RICO claim under 18 U.S.C. § 1964. Pursuant to 18 U.S.C. § 1964(c), the federal RICO statute provides for recovery by any person injured in her business or property by reason of a violation of section 1962. In order to state a claim under 1964(c), a plaintiff must plead "(1) a section 1962 violation and (2) an injury to business or property by reason of such injury." *Lightning Lube, Inc., v. Witco Corp.*, 4 F.3d 1153, 1187 (3d Cir. 1993).

4

Here, the plaintiff has failed to plead facts from which a § 1962 violation could be inferred. The most likely candidate is a claim under 1962(a), which requires that "a plaintiff must allege: (1) that the defendant has received money from a pattern of racketeering activity; (2) invested that money in an enterprise; and (3) that the enterprise affected interstate commerce." *Id.* at 1189 (citation omitted). Establishing a pattern of racketeering requires allegations of "at least two acts of racketeering activity within a ten-year period." 18 U.S.C. § 1961(5). Those predicate "acts" in general consist of a list of state and federal crimes.

This complaint does not identify one such predicate act, let alone two, let alone two committed as part of a "pattern" in connection with a RICO "enterprise." The sole allegation of the complaint is that, on a single occasion, the defendants "conspired to deprive [plaintiff of his] 1987 Mack Superliner Mack tractor truck." This allegation, however liberally construed, comes nowhere near alleging a RICO claim.

## B. Diversity jurisdiction/State law claims

The complaint cites 28 U.S.C. § 1332, the diversity jurisdiction statute.[1] Title 28, United States Code, section 1332(a), confers subject matter jurisdiction where the amount in controversy exceeds $75,000, and the action is between "(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state" with irrelevant exceptions. *See generally Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (complete diversity required as between plaintiffs and defendants). In such a case, a federal court may hear a state-law claim.

An individual's citizenship is the state of his or her domicile. "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). This complaint does not allege the

---

[1] Because no substantial federal claim is pled, I would not exercise supplemental jurisdiction over any state claims pursuant to 28 U.S.C. § 1367.

5

citizenship of any party. There are indications scattered through the record that the parties *may* be diverse, but no forthright allegation or proof.

In addition, the complaint alleges damages in the amount of $20,000, far below the $75,000 threshold. In response to the motion to dismiss, the plaintiff sought leave to assert additional lost earnings damages that would meet the threshold. This deficiency might therefore be remedied by amendment. In that connection, I note that leave to amend is granted freely. *See* Fed. R. Civ. P. 15(a).

More fundamentally, however, the complaint does not identify any particular state-law claim that the plaintiff wishes the court to hear, even assuming it possesses diversity jurisdiction. Although I am dismissing for lack of jurisdiction, I am doing so based on defective pleading, with leave to amend. I therefore address the merits of the defendant's Rule 12(b)(6) motion—which I would grant, in the alternative—in order to guide the plaintiff's drafting of any amended complaint.

**In the event that the plaintiff chooses to amend his complaint, he should bear the following considerations in mind.**

It is possible to read this Complaint as asserting a state-law tort claim of fraud or conversion. There are two problems with such a theory, however.

First, the complaint as it stands contains almost no facts. It states only that "Defendants conspired to deprive me of my 1987 Mack Superliner Mack tractor truck." The basic who, what, when, and where are missing. Even read liberally in light of the plaintiff's *pro se* status, these allegations do not meet the pleading standards of *Twombly* and *Iqbal*, cited above. So even if I possessed jurisdiction, I would necessarily dismiss any hypothetical state-law tort claim on Rule 12(b)(6) grounds. Although both sides attempt to fill out the factual picture by attaching various factual statements, these are not properly considered on a Rule 12(b)(6) motion. Any amended complaint must state what claims it is asserting, and support such claims with adequate factual allegations.

Second, there are indications that any fraud or conversion claim would be untimely under the statute of limitations. The complaint does not state when the alleged fraud or conversion occurred, even by year. Again, the parties improperly rely on extrinsic evidence and statements in an attempt to pin down the date, but I cannot consider such evidence on a Rule 12(b)(6) motion.

A statute of limitations defense will support a Rule 12(b)(6) dismissal only if the time bar is established on the face of the complaint. *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017). Otherwise, the issue will have to await a motion for summary judgment, which permits the parties to submit evidence. The plaintiff should be aware, however, that leaving the relevant dates out of the complaint may only delay the inevitable. If appropriate, I will authorize an early summary judgment motion once discovery has fairly established the relevant dates.

On that subject, the parties will have to establish which state's statute of limitations applies.[2] The defendant's brief appears to assume that New Jersey's statute of limitations applies, but that is by no means obvious. Certain of the statements attached to the parties' submissions, for example, suggest that all of the relevant events occurred in the State of New York. The difference may be consequential. *Compare* Def. Brf. 3 (citing New Jersey's six year statute of limitations, N.J. Stat. Ann. § 2A:14-1) *with* N.Y. C.P.L.R. § 214(4) (New York statute of limitations of three years for actions in tort). Depending on the dates, however, the difference may not matter; this action was filed on December 31, 2014, so any cause of action that accrued before December 31, 2008, would be untimely under either a three-year or six-year statute.[3]

---

2      To choose which state's law applies, this court will adopt the choice-of-law rules of New Jersey. *See Klaxon v. Stentor*, 313 U.S. 487, 496 (1941); *P.V. v. Camp Jaycee*, 197 N.J. 132, 144 (2008) (New Jersey employs the "most significant relationship" test).

3      In a close case, the parties may have to address counting rules. The defendant states, but cites no authority for, the proposition that an action filed on the anniversary of the tort is untimely—*i.e.*, that the day of the tort counts as day one, not day zero, in the calculation.

As I say, the statute of limitations is an issue for another day; I state these principles for the parties' guidance.

## CONCLUSION

For the reasons stated in this Opinion, the motion to dismiss the Complaint for lack of jurisdiction, and in the alternative for failure to state a claim, is granted. Because this is an initial dismissal, it is granted without prejudice to the filing of a proposed amended complaint within 30 days. A separate Order is filed herewith.

Dated: September 14, 2017

_____
Kevin McNulty, U.S.D.J