UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT JAGER,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**FLEET MANAGEMENT ROAD SERVICE, GERALD VACCA, and J&M TOWING,**<br><br>   **Defendants.** | Civ. No. 14-8130 (KM) (MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

  This matter comes before the Court on the unopposed motion (DE 90) of Defendants Fleet Management Road Service ("Fleet Management") and Gerald Vacca (together, "Defendants") to dismiss the Amended Complaint.[1] Because the Court does not have personal jurisdiction over these Defendants, the motion is **granted**.

**I. Background[2]**

  According to the Amended Complaint, Jager owned a 1987 Mack Superliner Tractor Truck ("the truck"). In July 2008, the truck's headlights

---

[1] I exclude a third defendant, J&M Towing, which has not filed a motion or joined in Defendants' motion.

[2] For ease of reference, certain key items from the record will be abbreviated as follows:

|  |  |  |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "AC" | = | Amended Complaint (DE 38) |
| "Def. Brf." | = | Memorandum of Law in Support of Defendants' Motion for Summary Judgment (DE 90) |
| "Jager Dep." | = | Transcript of Deposition of Robert Jager (DE 91) |

1

were not working properly, so J&M Towing, Inc. ("J&M"), another defendant in this case, brought the truck to its towing yard. (AC ¶¶ 8-9.) Jager alleges that J&M told him that Fleet Management[3] would come fix the truck. (AC ¶ 9.) Jager believes the truck was then relocated without his consent. (AC ¶ 12.) Jager called J&M and Fleet Management several times to get an update on the truck but could not get any information. (AC ¶ 10, 11, 12.) Finally, on December 31, 2008, Fleet Management called Jager and told him that he needed to pick up the truck. (AC ¶ 15.) Jager went to the address provided, but the truck was not there. (AC ¶ 16.) Jager's numerous attempts and phone calls have not resulted in the location or return of the truck. (AC ¶ 17.)

Jager first filed his complaint in this Court on December 31, 2014. (DE 1.) After a dismissal without prejudice, Jager filed an amended complaint on December 8, 2017. (DE 38.) Vacca filed his answer to the amended complaint on July 6, 2018. (DE 41.) On May 14, 2019, Vacca and Fleet Management filed an amended answer to the amended complaint. (DE 59.)

On June 14, 2021, Fleet Management and Gerald Vacca filed a motion for summary judgment. Jager then requested and was granted an extension until August 20, 2021 to oppose the motion for summary judgment. Jager has not responded to Defendants' motion, timely or otherwise, so I am left without the benefit of papers in opposition.

## II.     Standard of Review

The motion is labeled as one for summary judgment. However, Defendants have raised jurisdictional arguments which I am obligated to address before reaching the merits. I am therefore faced with "the procedural irregularity" of a summary judgment motion seeking dismissal for lack of personal jurisdiction. *Air Sea Int'l Forwarding, Inc. v. Glob. Imps. & Trading,*

---

[3]     The complaint refers to both Fleet Management Road Services, Inc. and Fleet Management Services, Inc. Each factual reference is to "Fleet Road and/or Fleet Services." It is not clear from the complaint what the relationship between these two entities is. The motion for summary judgment is made on behalf of "Gerald Vacca d/b/a Fleet Management Road Services, Inc."

2

*Inc.*, Civil Action No. 03-268(PGS), 2008 U.S. Dist. LEXIS 133087, at *9 (D.N.J. Apr. 18, 2008). A Rule 56 motion goes to the merits of a case and "operates in bar of the cause of action, not in abatement." *Id.* (quoting *Martucci v. Mayer*, 210 F.2d 259, 260 (3d Cir. 1954)). A summary judgment motion advancing personal jurisdiction should therefore be treated as a motion to dismiss. *Meskers v. Birdsall Engineering, Inc.*, No. 93-4494, 1994 U.S. Dist. LEXIS 8685, 1994 WL 288107, at * 2 (E.D.Pa. June 28, 1994). I will therefore construe the portion of the motion addressing personal jurisdiction as a motion made under Rule 12(b)(2). Likewise, I will treat the portion of the motion for summary judgment addressing subject matter jurisdiction as one made under Rule 12(b)(1). Because both rules allow for some factual analysis, and because the facts developed during discovery are consistent with what is alleged in the complaint, the analysis is similar to what it would have been under Rule 56.

I note also that Jager is proceeding pro se. A pro se litigant is ordinarily entitled to considerable leeway. *See Niblack v. Murray*, No. CV126910MASTJB, 2016 WL 4086775, at *1 n. 1 (D.N.J. July 29, 2016) (citing *Pratt v. Port Auth. of N. Y. & N.J.*, 563 Fed.Appx. 132, 134 (3d Cir. 2014) ("[B]ecause [the plaintiff] is proceeding pro se, we will construe his brief liberally."); *Marcinek v. Comm'r*, 467 F. App'x 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant")). *See generally Haines v. Kerner*, 404 U.S. 519 (1972).

### a. Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss on the grounds that the court lacks subject-matter jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) attack can be facial where the defendant "attacks the complaint on its face without contesting its alleged facts." *Hartig Drug Co. v. Senju Pharms. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). In that case, the court only considers the allegations of the complaint and documents referred to therein, taken in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Or a Rule 12(b)(1) attack can

3

be factual where the defendant "attacks allegations underlying the assertion of jurisdiction in the complaint." *Hartig*, 836 F.3d at 268 "[W]hen reviewing a factual challenge, "a court may weigh and consider evidence outside the pleadings," and the plaintiff bears the burden of showing that jurisdiction exists. *Id.* (quoting *Aichele,* 757 F.3d at 358).

### b. Rule 12(b)(2)

Once a defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Initially, a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Where factual allegations are disputed, however, the court must examine any evidence presented. *See Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) ("A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings. . . . Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." (citation omitted)). If the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

### III. Discussion

Defendants have argued, *inter alia,* that the Court lacks subject matter and personal jurisdiction, and that the complaint must therefore be dismissed. I first address the jurisdictional arguments. While "jurisdictional questions ordinarily must precede merits determinations in dispositional order, *Ruhrgas* held that there is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) (quoting *Ruhrgas Ag v. Marathon Oil Corp.*, 526 U.S. 574,

4

584, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)). I will begin with subject matter jurisdiction.

### a. Subject Matter Jurisdiction

Defendants argue that this Court does not have subject matter jurisdiction over the case. Subject matter jurisdiction generally exists in the federal courts on the basis of (1) diversity of citizenship, 28 U.S.C. § 1332(a), or (2) a federal question, 28 U.S.C. § 1331. The amended complaint does not assert any federal causes of action. I therefore turn to diversity of citizenship.

Diversity exists when there is "complete diversity" of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). The amended complaint does allege that the parties are citizens of different states, and Defendants do not dispute this. At the time of filing, Jager appears to have been domiciled in New Jersey.[4] Vacca is a citizen of New York. (AC ¶ 4.) Fleet Management has its principal place of business in New York and was incorporated in New York. (AC ¶¶ 2,3.) J&M is alleged to have its principal place of business in New York (AC ¶ 5.) Complete diversity exists on the face of the complaint, and Defendants have not denied that allegation or refuted it with extrinsic evidence.

Defendants argue, however, that Jager has not met the amount-in-controversy requirement. The party invoking diversity jurisdiction bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). That burden is not especially onerous:

> In reviewing the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the

---

[4] Jager's complaint refers to Jager as "doing business as Robert Jager Equipment Co.," which the complaint alleges has a principal place of business in New Jersey. (AC ¶ 1.) In his deposition, Jager stated that he used to live in New Jersey and moved to Pennsylvania in 2012. (Jager Dep. at 8:24-915.) Either way, neither party argues and nothing in the record suggests that Jager is domiciled in New York or that the parties are not diverse.

5

> jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). "Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997).

*Id.*

In assessing whether the jurisdictional amount is met, the Court should focus on the time when the complaint was filed. *Id.* Subsequent events cannot reduce the amount in controversy so as to deprive the court of jurisdiction. *Id.* (citing *St Paul Mercury*, 303 U.S. at 293). Nevertheless, the court may consider *after-acquired* evidence that the amount in controversy, as of the date of filing of the complaint, did not exceed $75,000. *See In re Paulsboro Derailment Cases*, 704 Fed. App'x 78, 84 (3d Cir. 2017) (citing *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) ("If during the course of pretrial proceedings, however, facts come to light making it apparent that the threshold amount of damages simply was never available as a matter of law, that discovery may be deemed a 'revelation' of facts as they existed at the time of the filing. Such a revelation may serve as the basis for finding that the amount in controversy is—and always was—insufficient.") (citations omitted)).

The complaint alleges that Jager could not continue his business of hauling goods using the truck and therefore suffered a significant loss of income as a result of the loss of his truck. (AC ¶ 30.) It further alleges that Jager has been damaged "in his business and/or property" in the amount of at least $250,000. (AC ¶ 32.) The allegations in the complaint therefore satisfy the jurisdictional amount requirement.

Defendants' argue that "Plaintiff has provided no documentation which would establish any loss." (Def. Brf. at 13.) However, it is Defendants who must show "to a legal certainty" that the claim is really for less than $75,000. *St. Paul Mercury*, 303 U.S. at 288–89. Jager appears to have made his claim in good faith. Jager testified that he paid "a little less" than $50,000 for the truck and that the truck was his only means of earning a living at the time. (Jager

Dep. at 29:2-8.) It is plausible that the truck cost around $50,000 and that he lost more than $25,000 in income without it. Defendants have not provided any facts or legal arguments which indicate that the amount Jager claims is unavailable for recovery as a matter of law.

Defendants cite to deposition testimony in which Jager states that he is not sure that he has documentation supporting his lost income claim. (Def. Brf. at 13 (citing Jager Dep. at 26:1-10)). This falls short of evidence that the amount in controversy does not exceed $75,000, as alleged; at best it suggests an inadequacy in the proofs. Based on the record before me, I cannot find to a legal certainty that Jager's claims are worth less than the requisite $75,000.01. *See, e.g., Bell v. United Auto Grp., Inc.*, No. CIV.A.05-2262(FLW), 2006 WL 1798746, at *4 (D.N.J. June 28, 2006) (holding that plaintiff had satisfied amount in controversy because compensatory damages, lost profits, and consequential damages in connection with breach of contract claim were together in excess of $75,000). I therefore will not dismiss this case for lack of subject matter jurisdiction.

### b. Personal Jurisdiction

Defendants also argue that the Court does not have personal jurisdiction over them. (Def. Brf. at 8.) This is the first time that Defendants are moving on the basis of personal jurisdiction, though the defense was raised in Defendants' initial answer.[5] (DE 41.)

A district court undertakes a two-step inquiry to assess whether it has personal jurisdiction over a party. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254,

---

[5] The initial answer states only that the court lacks personal jurisdiction over Vacca. The amended answer refers to both Vacca and Fleet Management. Fleet Management does not seem to have been included in the initial answer, so I will consider the amended answer to be Fleet Management's first responsive pleading. The situation is complicated because both the answer and motion for summary judgment are submitted by Vacca "doing business as" Fleet Management, Inc. (I pass over the issues suggested by using "Inc." as part of a d/b/a name.) Jager, regardless, named both Vacca and Fleet Management as defendants. For purposes of the analysis, I take the conservative course of assessing whether there is personal jurisdiction over each.

259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.* Second, "the court must apply the precepts of the Due Process Clause of the [federal] Constitution." *Id.* Here, the first step collapses into the second, because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two kinds of personal jurisdiction: specific and general. Specific jurisdiction relies on the corporate defendant's forum-related activities that give rise to the plaintiff's claims; general jurisdiction applies where the defendant corporation's contacts with the forum are so extensive as to render it "at home" in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984).

I first analyze general jurisdiction. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2853 (2011). A corporation is "at home" at least where it is incorporated or has its principal place of business. *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (en banc) (citation omitted). Fleet Management is incorporated in and has its principal place of business in New York. (AC ¶¶ 2, 4.) The Complaint alleges that Vacca resides in New York. (AC ¶¶ 2, 4.) There is no suggestion that Vacca is actually domiciled in New Jersey. No viable basis for general jurisdiction is suggested.

Alternatively, a court may have "specific jurisdiction" when the defendant has contacts with the forum, and the plaintiff's claims "arise out of or relate to" those contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (citation omitted). To apply that principle, the Third Circuit uses a three-part test, requiring the plaintiff to show that (1) the defendant purposefully availed itself of the forum, (2) the claims arise out of or relate to at least one of the defendant's activities, and (3) exercising personal jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

The complaint does not make any allegations relating to acts in New Jersey. On its face, there is no basis for specific personal jurisdiction. Further, during deposition, Jager was asked "Would you agree with me in saying that all the relevant facts occurred in the State of New York?" (Dep. at 24:4-6.) Jager responded "Yes. The truck disappeared in New York." (Dep. at 24:7.) Jager also stated he that he was in New York, bringing the truck from Jersey City to Long Island, when he called the tow company. (Dep. at 11:11-14.) He testified that the truck's lights went out in Mastic Beach. (Dep. at 12:2-7.) (I take judicial notice that Mastic Beach is a town in Suffolk County, New York.) Without any allegation that suggests Vacca or Fleet Management did anything to avail themselves of the forum State of New Jersey, let alone that the claims arose out of such nonexistent activities, the Court does not have personal jurisdiction over the Defendants.

Personal jurisdiction can be waived, however, and this case has been pending since 2014. Before granting Defendants' motion, I must consider whether it simply comes too late. A defendant must raise the defense of lack of jurisdiction in its first responsive pleading, *i.e.*, its answer or a Rule 12(b) motion. Fed. R. Civ. P. 12(h). As stated, Defendants met the bare minimum requirement of raised the defense of lack of personal jurisdiction in their answers. But even a defendant who timely raises the defense may be found to have waived it if it nevertheless "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum," such

9

as by "request[ing] affirmative relief and rulings from a court." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 105-06 (3d Cir. 2019). "There is no bright line rule to determine what level of participation constitutes a waiver of personal jurisdiction." *Air Sea Int'l Forwarding, Inc. v. Global Imports & Tradic, Inc.*, 2008 U.S. Dist. LEXIS 133087, 2008 WL 11510000, at *9 (D.N.J. Apr. 18, 2008). Whether a party has waived its right to object to a lack of personal jurisdiction is a fact-intensive inquiry, but the "cornerstone of waiver is normally when a defendant seeks affirmative relief from the court." *Id.*

Though this case was originally filed in 2014, Defendants have not yet sought relief from the Court. While discovery has been completed, I do not construe that in itself to constitute waiver. In fact, discovery could have—and in some ways, did—shed more light on the questions of jurisdiction. I therefore find that Defendants have not waived their defense of personal jurisdiction, and that the Court lacks personal jurisdiction over Vacca and Fleet Management.

I now must decide whether to dismiss the case without prejudice, or to transfer venue to a district which can assert jurisdiction over the Defendants. A Court that finds it lacks personal jurisdiction "shall, if it is in the interest of justice, transfer such action . . . to any other court . . . in which the action . . . could have been brought." 28 U.S.C. § 1631; *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 109 (3d Cir. 2009). The transferee court must have subject matter jurisdiction, venue, and personal jurisdiction. *Am. Fin. Res., Inc. v. Smouse*, No. 17-12019, 2018 WL 6839570 at *5 (D.N.J. Dec. 31, 2018). A district court which "lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 131 (3d Cir. 2020).

Determining where the interest of justice lies is left to my discretion, *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *Roberts v. United States*, 710 F. App'x 512, 514 (3d Cir. 2017) (per curiam). When jurisdiction is clearly available in another court, however, "[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is

10

time-consuming and justice-defeating." *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, No. 19-17497, 2020 WL 7869213 at *2 (D.N.J. July 16, 2020). Indeed, transfer often has the advantage over dismissal because it provides the benefit of maintaining continuity and avoiding litigation over whether the refiled action is time-barred. *Kim v. Korean Air Lines Co.*, No. 20-03636, 2021 WL 129083 at *9 (D.N.J. Jan. 14, 2021).

A federal district court within the state of New York might be an appropriate alternative forum. I will not transfer venue, however, until I have heard from the parties. Therefore, the accompanying order will be stayed for 30 days. During that time, the parties shall arrange for a conference with the Magistrate Judge, during which they shall state their positions as to whether the action should be dismissed or transferred, and, if transferred, to which district. The conference shall also address the status of J&M Towing, which has not moved to dismiss but may (or may not) be found to stand in the same shoes as Defendants.

## IV.   Conclusion

The motion to dismiss is GRANTED, but stayed for 30 days to permit a conference with the Magistrate Judge. An appropriate order follows.

Dated: October 22, 2021

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge